UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:22-cv-05064-CAS (MAR)                                          Date:  August 3, 2022

Title:   *Isaac Cortez-Felix v. J. Englman*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

I.
BACKGROUND

On September 11, 2018 Isaac Cortez-Felix ("Petitioner") pled guilty to one count of conspiracy to distribute a controlled substance (21 U.S.C. §§ 841(a)(1), 846).  Order Accepting Guilty Plea, ECF Docket No. ("Dkt.") 96, USA v. Cortez-Felix et al., Case No. 3:17-cr-03431-MMA (S.D. Cal. Sept. 11 2018).  On March 18, 2019, Petitioner was sentenced to 121 months imprisonment.  Minute Entry and Judgment, Dkts. 128–29, USA v. Cortez-Felix et al., Case No. 3:17-cr-03431-MMA (S.D. Cal. Mar. 18, 2019).

On July 18, 2022, Petitioner constructively[1] filed the instant Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2241 ("section 2241").  ECF Docket No. ("Dkt.") 1.  The Petition alleges his sentence violated due process and equal protection.  Id. at 3.

The Court cannot locate any direct appeal or other post-conviction petitions.

II.
DISCUSSION

A.   28 U.S.C. § 2255 MOTION

   1.   Applicable law

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court.  Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).  On the other hand, section 2255 "provides the exclusive

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Because petitioner did not date the instant Petition when he signed it, the Court cannot determine the constructive filing date in that manner.  However, the envelope in which the Petition was mailed was postmarked on September 20, 2021, so the Court uses that as the constructive filing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-05064-CAS (MAR)                                                          Date:  August 3, 2022

Title:   *Isaac Cortez-Felix v. J. Englman*

procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under section 2255's escape hatch in the custodial court "when the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614(1998)). With respect to the second prong of section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

**2.   Analysis**

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution." See Harrison, 519 F.3d at 956. Rather, Petitioner appears to challenge the legality of his 2019 sentence. See Dkt. 1 at 3. Thus, Petitioner cannot proceed in this Court, the custodial court, unless section 2255's "escape hatch" provision applies. See Lorentsen, 223 F.3d at 953.

First, it is not clear that Petitioner is alleging "actual innocence." Petitioner argues that his sentence violates due process and equal protection because he did not receive a downward departure due to COVID-19, even though the United States Attorney's Office has a policy in effect that allows such a downward departure. Dkt. 1 at 3. However, Petitioner does not appear to allege he is actually innocent of the conduct he pled guilty to.

Furthermore, Petitioner fails to establish he lacked an unobstructed procedural shot at presenting his claim, and therefore does not appear to meet the second prong of the section 2255 escape hatch. See Alaimalo, 645 F.3d at 1047. Petitioner does not appear to have filed a direct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-05064-CAS (MAR)                                                    Date:  August 3, 2022

Title:  *Isaac Cortez-Felix v. J. Englman*

appeal or 2255 motion in the sentencing court, nor does Plaintiff explain why he has failed to do so. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (finding "a federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241 'if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.' ") (citing 28 U.S.C. § 2255; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)); Cabbagestalk v. Quintana, No. CV-10-5612-PSG-PLA, 2011 WL 672534, at *3 (C.D. Cal. Jan. 12, 2011), report and recommendation adopted, 2011 WL 761536 (C.D. Cal. Feb. 10, 2011) (finding petitioner failed to demonstrate he lacked an unobstructed procedural shot, because "petitioner never filed a § 2255 motion in the sentencing court, and he offers no explanation for his failure to do so").

Finally, because Petitioner has not filed a Section 2255 motion, he cannot establish (1) the legal basis for his claim did not arise until after he had exhausted his direct appeal and first Section 2255 motion; or (2) the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion.  Alaimalo, 645 F.3d at 1047.  Petitioner therefore appears to fail to meet the requirements for Section 2255's escape hatch.

**III.
ORDER**

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-one (21) days** after the date of this Order, **by August 24, 2022**.  In the response, Petitioner must elect one (1) of the following three (3) options:

(1) If Petitioner contends his action is not a challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court. Petitioner should attach copies of any documents that support his position.

(2) If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the section 2255 escape hatch, he should clearly explain this in a filing with this Court.  Petitioner should attach copies of any documents that support his position.

(3) If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed **no later than twenty-one (21) days** after the date of this Order.  **The Clerk of Court is instructed to attach a Notice of Dismissal form for Petitioner's convenience**.  The Court advises Petitioner, however, that if he should later attempt to raise his dismissed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:22-cv-05064-CAS (MAR) | Date:  August 3, 2022 |
| Title:  *Isaac Cortez-Felix v. J. Englman* | |

claims in a subsequent habeas petition or section 2255 motion, those claims may be time-barred, and may be barred as successive.

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey Court orders.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br>v.<br><br>Defendant(s). | CASE NUMBER<br><br><br>**NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).


_____           _____
*Date*                                                           *Signature of Attorney/Party*


*NOTE:* **F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.**

**F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.**