O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC CORTEZ-FELIX,<br><br>                      Petitioner,<br><br>      v.<br><br>J. ENGLMAN,<br><br>                      Respondent. | Case No. 2:22-cv-05064-CAS-MAR<br><br>MEMORANDUM AND ORDER DISMISSING THE ACTION |

**I.**

**INTRODUCTION**

On July 20, 2022, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("section 2241"). ECF Docket No. ("Dkt.") 1. On August 3, 2022, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for lack of jurisdiction. Dkt. 4. On August 22, 2022, Petitioner filed a Response. Dkt. 6. Both the Petition and Response contend Petitioner's sentence violates equal protection because Petitioner did not receive a downward departure in his sentence pursuant to 18 U.S.C. § 3553(a) due to circumstances presented by COVID-19. Dkts. 1 at 3; 6. As discussed below, the action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

## II.

## **BACKGROUND**

On September 11, 2018, Isaac Cortez-Felix ("Petitioner") pled guilty to one count of conspiracy to distribute a controlled substance (21 U.S.C. §§ 841(a)(1), 846). Order Accepting Guilty Plea, ECF Docket No. ("Dkt.") 96, USA v. Cortez-Felix et al., Case No. 3:17-cr-03431-MMA (S.D. Cal. Sept. 11 2018).  On March 18, 2019, Petitioner was sentenced to 121 months imprisonment.  Minute Entry and Judgment, Dkts. 128–29, USA v. Cortez-Felix et al., Case No. 3:17-cr-03431-MMA (S.D. Cal. Mar. 18, 2019).

On July 18, 2022, Petitioner constructively[1] filed the instant Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2241 ("section 2241").  ECF Docket No. ("Dkt.") 1.  The Petition alleges his sentence violated due process and equal protection.  Id. at 3.

The Court cannot locate any direct appeal or other post-conviction petitions.

## III.

## **DISCUSSION**

**A.   28 U.S.C. § 2255 MOTION**

**1.   Applicable law**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court.  Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).  On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  Lorentsen v. Hood, 223 F.3d 950, 953

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  Because petitioner did not date the instant Petition when he signed it, the Court cannot determine the constructive filing date in that manner.  However, the envelope in which the Petition was mailed was postmarked on September 20, 2021, so the Court uses that as the constructive filing date.

2

(9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under section 2255's escape hatch in the custodial court "when the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' " Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614(1998)). "It is important to note ... that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citations omitted). With respect to the second prong of section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

///

**2.    Analysis**

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution." See Harrison, 519 F.3d at 956.  Rather, Petitioner argues his sentence was unconstitutional because he did not receive a downward departure pursuant to 18 U.S.C. § 3553(a) due to the circumstances presented by COVID-19. See Dkt. 1 at 3; see also Holcomb v. Grant, No. CIV-21-652-J, 2021 WL 5985180, at *5 (W.D. Okla. Nov. 18, 2021) ("[T]o the extent he is claiming that the sentencing court failed to grant him an adjustment or downward departure … such a claim constitutes a challenge to the validity of the sentence imposed and must be brought pursuant to § 2255 in the sentencing court."), report and recommendation adopted, No. CIV-21-652-J, 2021 WL 5985174 (W.D. Okla. Dec. 16, 2021).  Thus, Petitioner cannot proceed in this Court, the custodial court, unless section 2255's "escape hatch" provision applies.  See Lorentsen, 223 F.3d at 953.

First, it is not clear that Petitioner is alleging "actual innocence."  As noted above, Petitioner argues that his sentence violates due process and equal protection because he did not receive a downward departure due to COVID-19, even though the United States Attorney's Office has a policy in effect that allows such a downward departure.  Dkt. 1 at 3.  However, Petitioner does not appear to allege he is actually innocent of the conduct he pled guilty to.

Furthermore, Petitioner fails to establish he lacked an unobstructed procedural shot at presenting his claim, and therefore does not appear to meet the second prong of the section 2255 escape hatch.  See Alaimalo, 645 F.3d at 1047.  Petitioner does not appear to have filed a direct appeal or 2255 motion in the sentencing court, nor does Plaintiff explain why he has failed to do so.  See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (finding "a federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241 'if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by

4

1  motion is inadequate or ineffective to test the legality of his detention.' ") (citing 28
2  U.S.C. § 2255; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)); Cabbagestalk
3  v. Quintana, No. CV-10-5612-PSG-PLA, 2011 WL 672534, at *3 (C.D. Cal. Jan. 12,
4  2011), report and recommendation adopted, 2011 WL 761536 (C.D. Cal. Feb. 10,
5  2011) (finding petitioner failed to demonstrate he lacked an unobstructed procedural
6  shot, because "petitioner never filed a § 2255 motion in the sentencing court, and he
7  offers no explanation for his failure to do so").

8      Finally, because Petitioner has not filed a Section 2255 motion, he cannot
9  establish (1) the legal basis for his claim did not arise until after he had exhausted his
10 direct appeal and first Section 2255 motion; or (2) the law changed in any way relevant
11 to petitioner's claim after that first [Section] 2255 motion. Alaimalo, 645 F.3d at 1047.
12 Petitioner therefore appears to fail to meet the requirements for Section 2255's escape
13 hatch.

14 **V.**

15 **ORDER**

16 **IT IS THEREFORE ORDERED THAT** the Petition is **DISMISSED**
17 without prejudice.

18 Dated: January 12, 2023

19
20     HONORABLE CHRISTINA A. SNYDER
21     United States District Judge

22 Presented by:
23
24 MARGO A. ROCCONI
    United States Magistrate Judge